UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

        Chapter 7

Judy Beck,

        Case No.: 8-10-74409-478

              Debtor.
----------------------------------------------------------x
Marc A. Pergament,

              Plaintiff,

        Adv. Pro. No.: 8-10-09052-478

   - against -

Alexander Beck, Jr.,

              Defendant.
----------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER

*Appearances:*

        Weinberg Gross & Pergament, LLP
        *Attorneys for the Chapter 7 trustee*
        By: Marc Weingard, Esq.
        400 Garden City Plaza
        Garden City, New York 11530


        Alexander Beck, Jr.
        *Pro se Defendant*
        156 Gnarled Hollow Road
        East Setauket, New York 11733


The Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is the chapter 7 Trustee's action seeking a judgment directing the sale of the property pursuant to 11 U.S.C. § 363(h) and the equal division of the proceeds between the parties. The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O) and 11 U.S.C. § 363. The following constitutes the Court's findings of fact and conclusions of law as mandated by Bankruptcy Rule 7052.

## FACTS

Debtor filed for relief under chapter 7 of the Bankruptcy Code on June 8, 2010. The Debtor and Alexander Beck, Jr., the non-Debtor spouse and Defendant in this proceeding, own real property known as 156 Gnarled Hollow Road, East Setauket, New York (the "Property") pursuant to a tenancy by the entirety. The Property consists of 1.75 acres of land with a single family residence that is described as an English Tudor built in the late 1930s.

The Property has been in the Defendant's family for generations. Defendant's mother, Patricia Beck ("Patricia"), and his sister reside on properties contiguous to the one at issue. The Property appears to be part of a larger parcel of properties owned by the Defendant's relatives. In 1995, Patricia sold the Property to the Debtor and her son, the Defendant, at below market value at the time for $150,000. The consideration was in the form of a $6,000 down payment and a $144,000 purchase money mortgage with a stated interest rate of 7% per annum.

No interest payments were made with respect to the mortgage. The Defendant is not regularly employed. Mortgage payments were paid in either cash from the Defendant's business or monies he borrowed from other people. In addition, the Defendant and his mother worked a barter arrangement for goods in lieu of cash. The Debtor had no knowledge of the mortgage

1

payments and the barter arrangement with Patricia. Between 1995 and 2000, the Debtor was a homemaker and was raising their children. The Defendant stopped making mortgage payments in 1999. After 1999, the Defendant made one payment of $100 in 2008 in order to keep the mortgage alive. There is approximately $44,900 of outstanding principal owed on the mortgage.

In addition, there is also approximately $98,242 to more than $114,000 in unpaid real estate taxes owed. Although the Defendant argues that some of these taxes have been paid during the last four years, the Defendant has not provided any proof during or after the trial that he paid those real estate taxes. Prepetition, Patricia paid $29,191.80 in real estate taxes with respect to the Property in 2004 and 2005.

Patricia has timely filed a proof of claim consisting of a $44,900 secured claim with respect to the principal owed and $29,191.80 unsecured claim for the real estate tax payments made with respect to the Property for a total $74,021.80. She is the Debtor's largest creditor. Aside from Patricia's secured claim, a review of the claims register shows a judgment lien against the Property for $5,995.65. There is no other lien on the property other than Patricia Beck's purchase money mortgage, the real estate tax lien and the one judgment lien. The total unsecured claims amount to $49,800.54, which includes Patricia's unsecured claim.

The Debtor and the Defendant are separated and are in the midst of a divorce proceeding. The Debtor resides with her parents in Port Jefferson Station, New York. She is the custodial parent of their minor daughter who is aged 11. The Defendant has custody of their daughter on the weekends and whenever the daughter wishes to stay with him. However, during the past year, the daughter has divided her time equally between her parents. Although the daughter was registered and attending school in East Setauket until June 2011, she is now registered to attend

school in Port Jefferson Station but may be attending catholic school near the Debtor. The Defendant resides at the Property with his son aged 21. His son has signed a lease for a property in Port Jefferson Station and will soon move out of the Property.

On December 29, 2010, the chapter 7 Trustee commenced this adversary proceeding against the Defendant seeking the Court's authority to either partition in kind, or sell the Property pursuant to 11 U.S.C. § 363(h). The Defendant is acting *pro se* and filed an Answer on January 28, 2011, arguing that the sale of the Property would harm him irreparably and deprive him of his family home which has been in his family since 1928, and it would be detrimental to his children who reside at the Property. In addition, Defendant asserts that the financial harm to him would greatly outweigh the benefit to creditors.

A trial was conducted on July 25, 2011 at which the Trustee's appraiser, the Debtor, Defendant and Patricia testified. The Trustee's qualified appraiser, Arleen Goscinski, testified that the Property is unique and there is no similar property in the area. It is unknown whether the Property can be subdivided but any subdivision would require a variance. The property is not used in the production, transmission, or distribution, for sale of electric energy or gas. Ms. Goscinski values the Property with its improvements at $530,000. Defendant testified that he obtained an informal appraisal of the Property which indicated a value of $670,000 but that appraisal was not based upon an examination as thorough as the one conducted by Ms. Goscinski. Therefore, the fair market value appears to be at least $530,000.

Counsel for the Trustee argues that in selling the Property, a 5% broker's fee would be reasonable and the Trustee would need to consider the satisfaction of interest obligations on Patricia's mortgage that has been unpaid for sixteen and a half years which amounts to

approximately $68,270. If the appraised value of $530,000 for the Property is used, after deducting (i) an anticipated 5% broker's fee of $26,500; (ii) the $44,900 mortgage owed to Patricia, (iii) the $68,270 in interest on the mortgage; (iv) approximately $114,000 in real estate taxes due and owing; and (v) the judgment lien in the amount of $5,995.65, there would be approximately $270,000 in equity remaining in the Property. The $270,000 in equity would be shared equally between the bankruptcy estate and the Defendant with each receiving approximately $135,000.

The Debtor has asserted a $50,000 homestead exemption. Thus far, no objection has been filed in this Court with respect to the Debtor's assertion of a homestead exemption. If the Debtor's homestead exemption were deducted from the estate's estimated share of the $135,000 in equity, there would be $85,000 left over to pay for the administrative expenses of the bankruptcy estate and provide a 100% distribution to satisfy the $49,800.54 in general unsecured claims. To the extent the real estate taxes are lower and/or the Property value is greater than the $530,000 asserted by the Trustee, there would be greater equity to be shared between the estate and the Defendant.

## DISCUSSION

A trustee may sell both the estate's interest and the interest of any co-owner in real property in which the debtor had an interest when the bankruptcy case was filed only if the Trustee can demonstrate that:

(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interest of such co-owners;
(3) the benefit to the estate of a sale of such property free of

>                    the interests of co-owners outweighs the detriment, if any
>                    to such co-owners; and
> (4)                such property is not used in the production, transmission, or
>                    distribution, for sale,of electric energy or of natural or synthetic
>                    gas for heat, light or power.

11 U.S.C. § 363(h).

In this case, there is no dispute as to three of the four factors the Trustee is required to demonstrate under section 363(h) discussed above. First, the Property in question is not used in the production, transmission, or distribution, for sale, of electric energy or gas. Second, the partition in kind of the Property among the estate and the Defendant co-owner is impractical as this is residential real property. In addition, it is unknown whether the 1.7 acre of land could be subdivided and any subdivision would require a variance.

Third, sale of the estate's undivided interest in such Property would realize significantly less for the estate than sale of the Property free and clear of the Defendant's interest. As discussed above, the Property is a single family residence and it is uncertain whether the land itself can be subdivided. Accordingly, a sale of the Property free and clear of the Defendant's interest would realize more than a sale of the estate's undivided interest.

Therefore, the Court must determine whether the benefit to the estate of a sale of the Property free and clear of the Defendant's interest outweighs the detriment to the Defendant. In considering the detriment to the non-debtor spouse with respect to the sale of property held by tenancy by the entirety, the Court is required to consider both economic and non-economic factors. *Community Nat'l Bank and Trust Co. of New York v. Persky (In re Persky)*, 893 F.2d 15, 21 (2d Cir. 1989).

A sale of the Property free and clear of the Defendant's interest would generate sufficient

equity that all of the Debtor's creditors will receive a full distribution.  The Defendant argues that there would be a detriment to his daughter if the Property was sold free and clear of his interest because his daughter occasionally resides with the Defendant and when she does she is able to spend time with her grandmother and her aunt who live nearby.  However, the daughter has a permanent residence with the Debtor in Port Jefferson Station and there is no indication that she is prohibited from visiting her relatives in Setauket even if she could no longer stay at the Property if sold.  As the Defendant's adult son will soon be moving from the Property, the only detriment will be that the Defendant will no longer be able to reside there.  Defendant's situation is no different from occupants of real property who must vacate as a result of a sale or foreclosure of property.  In addition, the Defendant will receive an estimated $135,000 from sale of the Property which would lessen some of the economic detriment, if any, he would suffer from the sale.

    Defendant also argues that the Property has been with his family since 1928 and he would not like to see it sold to an outsider.  Even though the Defendant could not afford to purchase the estate's interest in the Property, neither Patricia or the Defendant's sister, who live on properties contiguous to the one at issue, has made any offer to purchase the bankruptcy estate's interest in order keep the Property within the family although they were given the opportunity to do so.  It is uncommon for unique real property to be held by the same family for generations; however, this desire alone to keep the Property within the family does not outweigh the benefit to creditors were the Property sold.  Defendant has not provided any evidence of detriment to him with respect to any other economic or non-economic factors that the Court should consider which would overcome the Trustee's showing of the benefit of the sale to

creditors. Accordingly, the Court finds that the benefit to the Debtor's creditors from sale of the Property free and clear of the Defendant's interest pursuant to section 363(h) outweighs any detriment to the Defendant.

## CONCLUSION

Based upon the foregoing, the Trustee's request for authority to sell the estate's interest and the interest of the Defendant in the property known as 156 Gnarled Hollow Road, East Setauket, New York under 11 U.S.C. § 363(h) is granted.

So Ordered.



**Dated: Central Islip, New York**
**September 6, 2011**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**